**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2814-16T1

QING CHEN,

    Plaintiff-Appellant,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

    Defendant-Respondent.

_____

Argued March 20, 2018 — Decided July 31, 2018

Before Judges Fasciale and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2007-15.

Daniel W. Ballard argued the cause for appellant (Zenstein Ballard, PC, attorneys; Daniel W. Ballard, on the brief).

William H. Hofmann argued the cause for respondent (Bennett, Bricklin & Saltzburg, LLC, attorneys; William H. Hofmann, on the brief).

PER CURIAM

    Qing Chen appeals the Law Division's order granting summary

judgment to her insurer, State Farm Fire and Casualty Company,

dismissing her complaint seeking additional compensation for fire damage to her rental property (the property). The motion court determined that because Chen had remediation work done at the property prior to State Farm's inspection, she breached the insurance policy by preventing State Farm from assessing the full extent of the fire damage and, therefore, was not entitled to more than the $37,907.02 that State Farm had paid her. Because we conclude a jury must resolve the material dispute regarding the ability of State Farm to determine the scope of the property's fire damage and the amount of compensation Chen was entitled to receive under the insurance policy, we reverse and remand for trial.

The record reveals the following. A fire at a neighboring row home caused damage to the property from its flames, smoke, and the water used by firemen to extinguish it. Under the terms of the policy, Chen was to:

> c. prepare an inventory of damaged personal property[1] showing in detail the quality, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;
>
> d. as often as [State Farm] reasonably require:

---

[1] Neither party argues whether this provision applies to the real property or personal property contained within the premises.

>(1) exhibit the damaged property;
>
>(2) provide [State Farm] with records and documents we request and permit us to make copies; and
>
>(3) submit to examinations under oath and subscribe the same.

Two days after the fire, a public adjuster company hired by Chen to assist her in assessing her damages informed State Farm of the fire and consequential property damage. Prior to State Farm's claim specialist's inspection of the property to evaluate the property's damage, he told the public adjuster's representative to complete only minor repairs and necessary work — debris removal, water extraction, and the use of drying equipment — to prevent further damage to the property, but not to perform remediation work. However, when the claim specialist inspected the property six days after the fire, he found that a remediation company hired by Chen had completely gutted areas of the property to the wood-framing studs. State Farm later advised Chen that, despite the public adjuster's replacement value of $80,312.07 to restore the property to its original condition, it would only pay her $37,907.02 on an actual cost basis (replacement cost less depreciation) for the property damage and remediation work; thus, the respective estimates differed in both the scope of necessary repairs and the costs of the repairs. State Farm asserted that

due to the limited inspection its claim specialist was able to conduct after Chen had extensive remediation work done on the property, it could not assess the extent of the damage caused by the fire. In addition, State Farm maintained Chen did not supply sufficient proof that she expended funds to cover the remediation costs.

Unsatisfied with the $37,907.02 she was paid, Chen filed suit alleging State Farm breached the insurance policy and demanded additional compensation for damage to the property. Following discovery and unsuccessful arbitration, State Farm was granted summary judgment; the motion court dismissed Chen's suit with prejudice because it found that she failed to satisfy her evidentiary burden as to damages because she had remediation work done on the property prior to State Farm's inspection. Chen appealed.

In examining the summary judgment under review, we apply the same Brill[2] standard that bound the motion court. Townsend v. Pierre, 221 N.J. 36, 59 (2015); W.J.A. v. D.A., 210 N.J. 229, 237 (2012). This standard requires that we examine the record in the light most favorable to the opponents of the successful summary judgment motion. Brill, 142 N.J. at 540. A motion court should

---

[2]   Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

grant summary judgment when the record reveals "no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We accord no deference to the trial court's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citations omitted). Summary judgment should be denied when determination of material disputed facts depends primarily on credibility evaluations. Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011).

Guided by these principles, we conclude summary judgment should not have been granted because there is a material dispute regarding the damage to Chen's property. Chen argues she complied with the insurance policy's terms that required her to mitigate damages to the property after the fire by having a remediation company clean up and make repairs to the property to prevent further damage. Yet, she maintains that under State Farm's policy interpretation, "[t]he provision requiring mitigation of damage is in direct conflict with [her] obligation to exhibit the damage after a loss." Nevertheless, she argues the photos of the pre-remediation fire damage she gave to the claims specialist complied with the policy requirements that she document the property's fire damage, which contrary to State Farm's contention, enabled it to determine the scope of the property's damage. By disregarding these proofs, Chen argues the court violated the summary judgment

standard by determining the claims specialist's conclusion — not presented in the form of a certification and without any indication of the scope of his investigation — that the remediation prevented an assessment of the fire damage was credible, and it did not view the evidence of her photos in the light most favorable to her.

We take no issue with the court's pronouncement in its oral decision that, in accordance with the insurance policy, Chen "had a duty to exhibit" the damaged portion of her property to State Farm so that it "could make a reasoned analysis of" the damage. Interpretation of the insurance policy is a question of law to be decided by the court. See Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 260 (App. Div. 2008). The court, however, exceeded its authority by dismissing Chen's complaint when it found that she failed "to satisfy her evidentiary burden." In reaching this finding, the court accepted State Farm's determination that it could not assess the fire damage prior to the property's remediation over Chen's contention that the photos taken after the fire and prior to remediation evidenced the insurer's responsibility under the policy. Weighing the parties' credibility is the duty of the jury as the fact-finder at trial, and is beyond the court's purview in deciding summary judgment. State Farm's contention that it is entitled to summary judgment because the jury would be "forced to speculate as to . . . [Chen's]

6

potential [fire] damages" is misplaced. This contention goes to the strength of the insurer's defense, not to deciding summary judgment. The same can be said for its argument that Chen failed to produce evidence "of executed contractor contracts, copies of cancelled checks, signed proposals, receipts or other documents supporting or establishing her right to damages" in excess of $80,000. At trial, the jury should determine the amount of compensation, if any, that Chen is entitled to receive for fire damage to the property under her State Farm insurance policy.

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION